**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| TANGELO IP, LLC,<br><br>    Plaintiff,<br><br>V.<br><br>JEG'S AUTOMOTIVE, INC. d/b/a JEG'S d/b/a JEGS HIGH PERFORMANCE d/b/a JEGS PERFORMANCE,<br><br>    Defendant. | Civil Action No. 2:16-cv-00207<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Plaintiff, Tangelo IP, LLC, by and through their undersigned counsel, submits this Original Complaint against the above-named Defendant, as follows:

### NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendant's infringement of United States Patent No. 8,429,005 (the "'005 patent" or "Patent-in-Suit").

### THE PARTIES

2. Plaintiff, Tangelo IP, LLC ("Tangelo"), is a Texas company with their principal place of business at 555 Republic Drive, 2nd Floor #42, Plano, Texas 75074.

3. Upon information and belief, Defendant, Jeg's Automotive, Inc. d/b/a Jeg's d/b/a Jeg's High Performance d/b/a JEGS Performance ("JHP") is a corporation existing under the laws of the state of Ohio with its principal place of business at 101 Jegs Place, Delaware, Ohio 43015.

### JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, 35 U.S.C. § 1 et seq., including

35 U.S.C. §§ 271, 281, 283, 284, and 285.  This Court has subject matter jurisdiction over this case for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. The Court has personal jurisdiction over Defendant, including because Defendant has minimum contacts within the State of Texas; Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas; Defendant regularly conducts business within the State of Texas; and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas, including at least by virtue of Defendant's interactive website and mobile app that comprise infringing methods and apparatuses, including those accused methods and apparatuses described herein, which are at least used in and/or accessible in the State of Texas.  Further, this Court has general jurisdiction over Defendant, including due to its continuous and systematic contacts with the State of Texas.  Further, on information and belief, Defendant is subject to the Court's jurisdiction, including because Defendant has committed patent infringement in the State of Texas.

6. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391 and 1400(b), including because Defendant has purposefully availed themselves of the privileges of conducting business in this District; Defendant regularly conducts business within this District; and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in this District, including at least by virtue of Defendant's interactive website and mobile app that comprises infringing methods and apparatuses, including those accused methods and apparatuses described herein, which are at least used in and/or accessible in this District.

## INTRODUCTION

A.     <u>*Tangelo LLC*</u>

7. Plaintiff's closely related operating entity is Tangelo, LLC (formerly known as

Active8media, LLC), a developer of advanced interactive and shoppable image products. Tangelo's technology is already used by many major publishers to drive sales and connect readers and customers. Tangelo, LLC was awarded a MAX Marketing Award for their interactive image technology. It was also showcased on CNBC's Power Lunch for the implementation of Vogue Magazine's interactive ad images and the resulting highest revenue issue in Vogue's 110-year history.

8. Among other things, Tangelo, LLC operates Tangelo Images, a user interface application for creating interactive brand and user-generated photos. In addition, Tangelo, LLC launched Tangelo Tags within the Facebook app center to allow brand and individual users to create interactive and shoppable photos within Facebook's timeline. Tangelo, LLC has been recognized as a TAG Top 40 - Georgia's Most Innovative Companies.

9. Todd Mannik is a co-founder of Tangelo, LLC. Since at least 1999, Mr. Mannik has dedicated his career to focusing on the interactivity of photo images and the discovery of what's "inside" a photo. Mr. Mannik is the co-inventor of several patents, including the Patent-In-Suit, which represent pioneering advances in the transformation of images into interactive and shoppable images online.

B.     *Patent-in-Suit*

10.     Mr. Mannik is the first listed co-inventor on the Patent-In-Suit, which is U.S. Patent No. 8,429,005 (the "'005 patent"). The '005 patent is a continuation-in-part of U.S. Patent No. 6,535,889, which is a continuation-in-part of U.S. Patent No. 6,557,006. The earliest filing in the priority chain leading up to the '005 patent is U.S. Patent Application No. 09/406,171, filed on Sep. 23, 1999.

11.     The technology recited in the claims of the '005 patent provides an inventive

concept and does not claim an abstract idea. The inventive concept greatly enhances and facilitates technological methods and apparatuses which comprise providing of electronic and interactive catalogs comprising replications of product images appearing in a corresponding physical catalogs, wherein the electronic and interactive replications include selectable portions corresponding with the image replications, and wherein selection of the selectable portions provides additional product information and enables a user to initiate an online purchase of the product.

12. One inventive component of the '005 patent is improving electronic catalogs in ways that are necessarily rooted in computer technology to overcome problems specifically arising in the realm of computer networks, including the Internet. The claims recite an invention that was not merely a routine or conventional use of the Internet.

13. The technology claimed in the '005 patent does not preempt all types of electronic catalogs or anything else. For example, the prior art cited on the face of the '005 patent remains available for practice by the Defendant, and the '005 patent claims do not preempt practice of those prior art methods.

14. The '005 patent claims cannot be practiced by a human alone and there exists no human analogue to the methods claimed in the '005 patent. The claims are specifically directed to, *inter alia*, the electronic and interactive replication of product images appearing in a corresponding physical publication page, wherein the electronic and interactive replications include selectable portions corresponding with duplications of the appearance of the product, and wherein selection of the selectable portions provides additional product information and enables a user to initiate an online purchase of the product. These things exist only in the context of computers.

15. Tangelo is the owner of the '005 patent and it has all substantial rights, including

the right and standing to sue and recover damages for past, present, and future infringement of the patent.

### COUNT I – INFRINGEMENT OF U.S. PATENT NO. 8,429,005

16. Plaintiff refers to and incorporates herein the allegations in the above paragraphs.

17. The '005 patent, entitled "Method for Determining Effectiveness of Display of Objects in Advertising Images," was duly and legally issued by the USPTO on April 23, 2013 after full and fair examination.

18. The claims of the '005 patent cover, *inter alia*, methods, apparatuses, and computer readable media, including associated with websites and/or apps, for providing an electronic and interactive replication of product images appearing in a corresponding physical publication page comprising: a host computer that associates a page number of a physical publication page with an electronic and interactive replication of at least a portion of the physical publication page, wherein the physical publication page has products appearing thereon with the page number, wherein the electronic and interactive replication comprises exact duplications of the appearances of the products, wherein the electronic and interactive replication includes selectable portions corresponding with duplication of the appearance of the products, and wherein selection of the selectable portions provides additional product information about the products and enables a user to initiate an online purchase of products, and an application executed by the host computer that provides the electronic and interactive representation to a computing device of a user and in response to receiving input representing the page number.

19. Defendant has infringed and are now infringing, including literally, jointly, and/or equivalently, the '005 patent, including claims 1, 3, 5-11, 13-17, and 19-20, in this judicial district, the State of Texas, and elsewhere in the United States, in violation of 35 U.S.C. § 271 through

actions comprising the practicing, making, using, offering for sale, selling, and/or hosting without authority from Plaintiff, methods and computer readable media for methods, apparatuses, and computer readable media, including associated with websites and/or apps, for providing an electronic and interactive replication of product images appearing in a corresponding physical publication page comprising: a host computer that associates a page number of a physical publication page with an electronic and interactive replication of at least a portion of the physical publication page, wherein the physical publication page has products appearing thereon with the page number, wherein the electronic and interactive replication comprises exact duplications of the appearances of the products, wherein the electronic and interactive replication includes selectable portions corresponding with duplication of the appearance of the products, and wherein selection of the selectable portions provides additional product information about the products and enables a user to initiate an online purchase of products, and an application executed by the host computer that provides the electronic and interactive representation to a computing device of a user and in response to receiving input representing the page number.

20. Defendant infringes the '005 patent by and through at least its practicing, making, and using of electronic catalogs at www.jegs.com, including the electronic catalogs at http://www.jegs.com/ECatalog/full.asp?page=1 and the JEGS Catalog Mobile Application (including the JEGS Catalog Android Application).

21.     On information and belief, Defendant has had at least constructive notice of the '005 patent pursuant to the Patent Act.  Plaintiff reserves the right to take discovery regarding Defendant's first actual notice of the '005 patent.

22.     Each of Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

23. By way of their infringing activities, Defendant has caused and continue to cause Plaintiff to suffer damages, and Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

24. Defendant's infringement of Plaintiff's rights under the Patent-in-Suit will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

25. Plaintiff also requests that the Court make a finding that this is an exceptional case entitling Plaintiff to recover their attorneys' fees and costs pursuant to 35 U.S.C. § 285.

## JURY DEMAND

26. Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure on all issues so triable.

## PRAYER FOR RELIEF

27. Plaintiff respectfully requests that the Court find in their favor and against Defendant, and that the Court grant Plaintiff the following relief:

A. An adjudication that one or more claims of the Patent-in-Suit has been directly infringed, either literally and/or under the doctrine of equivalents, by Defendant;

B. An award to Plaintiff of damages adequate to compensate Plaintiff for Defendant's past infringement, together with pre-judgment and post-judgment interest, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses, and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. A grant of preliminary and permanent injunction pursuant to 35 U.S.C. § 283, enjoining Defendant and all persons, including its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation therewith, from making, using, offering to sell, or selling in the United States or importing into the United States any methods, systems, or computer readable media that infringe any claim of the Patent-in-Suit, or contributing to or inducing the same by others from further acts of infringement with respect to the claims of the Patent-in-Suit;

D. That this Court declare that Defendant's infringement has been, and continues to be, willful, including that Defendant acted to infringe the Patent-in-Suit despite an objectively high likelihood that its actions constituted infringement of a valid patent and, accordingly, award enhanced damages, including treble damages, pursuant to 35 U.S.C. § 284;

E. That this Court declare this to be an exceptional case and award Plaintiff reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

F. A judgment and order requiring Defendant to pay Plaintiff their damages, costs, expenses, fees, and prejudgment and post-judgment interest for Defendant's infringement of the Patent-in-Suit as provided under 35 U.S.C. §§ 284 and/or 285; and

G. Any and all further relief for which Plaintiff may show itself justly entitled that this Court deems just and proper.

March 11, 2016                                        Respectfully submitted,

                                                                        /s/ *John J. Edmonds*
                                                                        John J. Edmonds – Lead Counsel
                                                                          jedmonds@ip-lit.com
                                                                           Texas Bar No. 789758
                                                                        Stephen F. Schlather
                                                                           sschlather@ip-lit.com
                                                                           Texas Bar No. 24007993
                                                                        Shea N. Palavan

    spalavan@ip-lit.com
    Texas Bar No. 24083616
Brandon G. Moore
   bmoore@ip-lit.com
   Texas Bar No. 24082372
**COLLINS, EDMONDS,**
**SCHLATHER & TOWER, PLLC**
1616 South Voss Road, Suite 125
Houston, Texas 77057
Telephone: (281) 501-3425
Facsimile: (832) 415-2535

*Attorneys for Plaintiff,*
*Tangelo IP, LLC*